

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
OCT 11 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO DELGADO-GARIBAY,<br><br>Petitioner,<br><br>vs.<br><br>RICHARD B. IVES,<br><br>Respondent. | Case No. CV 13-7266-RGK (RNB)<br><br>ORDER SUMMARILY DISMISSING § 2241 PETITION |

Petitioner is a federal prisoner who currently is incarcerated at USP-Lompoc in Lompoc, California. On October 1, 2013, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody herein, ostensibly pursuant to 28 U.S.C. § 2241.

The Petition does not purport to be directed to the legality of petitioner's conviction and/or sentence, but rather to conditions of confinement to which petitioner allegedly is being subjected at the institution. Specifically, petitioner is complaining about the medical care he has received over the last 9 months for "an unknown medical condition that is causing him pain, along with blood in his stools and urine." According to plaintiff, in May 2013, an outside gastrointestinal specialist scheduled plaintiff for a colonoscopy, but the colonoscopy has not been performed, and plaintiff's pain and other symptoms have persisted in the interim.

To the extent that petitioner is complaining about conditions of confinement to which he allegedly has been and/or is being subjected, his claim should be brought in a civil rights complaint not a habeas petition. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

A district court does have discretion to construe a habeas petition alleging a civil rights claim as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court recommends that such discretion not be exercised for the following reasons.

First, petitioner has not paid the proper filing fee for a civil rights complaint (which now is $400.00). When he filed this action, he only paid the $5 filing fee for a habeas petition. Moreover, the Court cannot permit petitioner to proceed with his civil rights claim without prepaying the full filing fee since he has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide inter alia that all prisoners who file civil actions must pay the full amount of the filing fee, and that any prisoner seeking to file a complaint in a civil action without prepayment of fees submit, in addition to the completed Declaration in Support of Request to Proceed In Forma Pauperis, a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his Petition for filing, he did not submit a certified copy of his trust account statement for the last six months.

Second, petitioner's allegations on their face are insufficient to state a federal

civil rights claim against the sole named respondent (i.e., the Warden at USP-Lompoc) under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), because the doctrine of respondeat superior is inapplicable to Bivens actions. See Ashcroft v. Iqbal, 556 U.S. 662, 1948, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).[1]

Third, it appears from the face of the Petition that petitioner has not exhausted his administrative remedies as also required by the PLRA. See 42 U.S.C. § 1997e(a). The Court notes in this regard that the United States provides an administrative remedy process through which BOP inmates may seek formal review of an issue relating to any aspect of their confinement. See 28 C.F.R. § 542.10. In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) an attempt at informal resolution; (2) a formal written request to the Warden for an administrative remedy; (3) an appeal to the Regional Director of the region where the inmate is confined; and (4) an appeal to the General Counsel. See 28 C.F.R. §§ 542.13-542.15. The appeal to the General Counsel completes the administrative remedy process. See 28 C.F.R. § 542.15(a). Here, petitioner alleges that he filed "a request for administrative remedy based upon the indifference of the medical staff to [his] condition," but the request went unanswered. However, pursuant to 28 C.F.R. § 542.18, an administrative remedy request is deemed to be a denial if the inmate does not receive a response within the allotted time. Accordingly, even if as petitioner appears to be alleging, he filed an administrative remedy request

---

[1] The Court is mindful that, in Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012), the Ninth Circuit concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Here, however, the Petition is devoid of any factual allegations concerning Warden Ives's knowledge of and/or acquiescence in the allegedly unconstitutional conduct of the medical staff.

1  that went unanswered, petitioner still would not be excused from completing the
2  administrative remedy process.
3       IT THEREFORE IS ORDERED that this action is summarily dismissed
4  without prejudice to petitioner filing a civil rights complaint in accordance with the
5  provisions of the PLRA.
6       LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: OCT 9 2013

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge